THE PEOPLE *ex rel.* NATHAN B. WARREN *et al.*, Respondents, *v.* EDWARD CARTER *et al.*, Appellants.

*Court of Appeals, March 18, 1890.*

Affirming 54 Hun, 633, Mem.

1. *Taxes. Review.*—In proceedings to review an assessment, adjudications made in prior years are binding and conclusive upon the parties thereto as to the present value of the property, unless there has been some subsequent increase or change affecting its assessable value, though some of the assessors have entered upon new terms of office.
2. *Same. Bar.*—Where one pays taxes imposed under an assessment which is not void, but simply excessive and unequal, and gives notice of his proceedings to review and correct the same, such a payment under protest cannot be set up as a bar to the further prosecution of the proceedings.
3. *Same. Costs.*—In proceedings under chap. 269 of Laws of 1880, to review an assessment, where it appears to the court that the assessors have acted " with gross negligence," costs may be awarded against them.

Appeal from a judgment of the general term of the supreme court, affirming order reducing assessment.

EARL, J.—This is a proceeding similar to the one just considered to review an assessment upon the same property for the year 1888. Upon the facts the court found that there had been no change in the value of the property since the years 1885 and 1886, and that, therefore, the adjudications made in the similar proceedings instituted in those years were binding upon the assessors and should have controlled their action; and the views we have expressed in the prior case are applicable to this.

The point is again made in this case that the relators did not appear before the assessors on the " grievance " day in 1888, and request to have the assessment corrected. But they allege in their petition that while the assessors were sitting to hear grievances and to correct the assessment roll,

and before they had completed and delivered the same, they appeared " before said assessors and gave notice of said judgments heretofore entered in said matters " (meaning the judgments in the *certiorari* proceedings in 1885 and 1886) and of the affirmance by the court of appeals of the reduction as to the " River View property," and these allegations are not denied in the return of the defendants, wherein they substantially admit the same as follows : " These defendants further certify and return that, according to their best judgment and belief, they listed the relators' real property, known and described as ' River View,' at a valuation of $60,500 ; but on reviewing such assessment as required by law, the relators having complained that the said valuation was too high, these defendants, as such assessors, hoping to satisfy the said relators, reduced the valuation of said real property to the sum of $50,000." And the court found that the assessors " treated the matter of the assessment against ' River View ' property at said time, to wit, the year 1888, when they sat as a board to hear grievances, as though the relators had objected to the assessment of $60,500, and had asked for a reduction of the same to the amount fixed by the court for the previous years, to wit, 1885 and 1886." Therefore, it fairly appears in the record that the relators did at the proper time complain of the assessment as excessive, and asked to have the same reduced to the amount previously adjudicated as the value of the property, and that the assessors so understood it.

The court having found that the assessors acted with gross negligence in assessing the property at $50,000 in the year 1888, was authorized by the statute (§ 6) to impose costs upon them.

We are, therefore, of opinion that the judgment should be affirmed, with costs.

All concur, except RUGER, Ch. J., dissenting.